### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

DAVID K. MANSON,

      Plaintiff,

v.                        Case No.  4:24-cv-219-WS-MJF

OFFICE OF THE ATTORNEY
GENERAL STATE OF
FLORIDA, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

David K. Manson, a Florida prisoner proceeding *pro se* has filed an amended complaint under 42 U.S.C. § 1983. Doc. 5. The undersigned recommends that this case be dismissed under 28 U.S.C. § 1915A(b), because Manson's complaint fails to state a claim on which relief can be granted.

### I. MANSON'S AMENDED COMPLAINT

Manson is an inmate of the Florida Department of Corrections currently housed at the Wakulla Correctional Institution. Doc. 5. Manson's amended complaint names two Defendants: Ashley Moody, the

Page 1 of 6

Attorney General of the State of Florida; and Justin Ward, the Chief Assistant Public Defender. Doc. 5 at 1-2.

Manson challenges his conviction for Sexual Battery in Leon County Circuit Court Case No. 2013-CF-1517. Doc. 5 & Attach. Manson claims that his conviction violates the Fifth, Sixth and Fourteenth Amendments because (1) the prosecutor introduced "inadmissible evidence"—a photograph; (2) the State lacked probable cause to prosecute Manson; and (3) Manson's trial counsel was ineffective for failing to object to admission of the photograph. Doc. 5 at 3-5. Manson requests "immediate/emergency release" and damages. *Id*. at 5-6.

## II.    SCREENING UNDER 28 U.S.C. § 1915A

Because Manson is a prisoner, the District Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b).

## III.    DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

"A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *DePalma v. Florida*, No. 22-14292, 2024 WL 181832, at *1 (11th Cir. Jan. 17, 2024) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Although *Heck* involved a prisoner seeking money damages, the Supreme Court later clarified that prisoners cannot use § 1983 to obtain relief where success would imply the invalidity of a conviction or sentence, even if the prisoner is seeking injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Manson's complaint is barred under *Preiser* and *Heck*. Manson's claims are precisely the type that are barred by *Preiser* because they challenge the validity of Manson's conviction and he requests "immediate/emergency release" from incarceration. *See Preiser*, 411

U.S. at 500. Manson's claims also are barred by *Heck*, because a determination that Manson's constitutional rights to a fair trial and the effective assistance of counsel were violated necessarily would undermine the validity of Manson's conviction, and Manson has not demonstrated that his conviction has been overturned. *See Heck*, 512 U.S. at 486-87; *Wilkinson*, 544 U.S. at 81-82. To the contrary, Manson concedes that his applications for state postconviction relief and federal habeas relief have been denied. *See* Doc. 5, Attach. 3

Additionally, even if the District Court were to liberally construe Manson's complaint as a habeas petition, it properly would be dismissed as an unauthorized second or successive petition. Manson already filed a habeas petition which was denied, and he has not received authorization from the Eleventh Circuit to file a second or successive petition. *See* Doc. 5, Attach. 3 (disclosing *Manson v. Dixon*, No. 4:20-cv-333-TKW-MAF, 2022 WL 1443346 (N.D. Fla. May 5, 2022) (Order Denying Petition), *certificate of appealability denied sub. nom, Manson v. Fla. Dep't of Corr.*, No. 22-11959 (11th Cir. Feb. 17, 2023) (Order of Dismissal)); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it).

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted.

2.    The clerk of court enter judgment accordingly and close this case file.

At Panama City, Florida, this 25th day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C);**

**Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**